IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KEVIN DRISCOLL,<br><br>       Plaintiff,<br><br>v.<br><br>SADIQ ELAMIN<br>and All Others,<br><br>       Defendant. | CIVIL ACTION FILE NO.<br><br>1:14-CV-03461-WSD-JFK |

**FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the undersigned on Defendant Sadiq Elamin's application to proceed *in forma pauperis*. [Doc. 1]. The court, for the purpose of remand, **GRANTS** Defendant's motion. The court has the responsibility "to review Defendant's notice of removal to determine whether it meets the requirements of the statute." Alabama v. Baker, 222 F. Supp. 2d 1296, 1297-98 (M.D. Ala. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," 28 U.S.C. § 1447(c) (amended 2011) requires that "the case shall be remanded." Upon making this review, the court finds that it does not and recommends remand.[1]

---

[1] The signature on the application appears to be "DC." [Doc. 1]. Because the applicant indicates that he has three sons and a wife, Annisah Elamin [Id.], the court has treated the application as the application of Sadiq Elamin. Even if another

**I.     Background Facts**

Plaintiff Kevin Driscoll, the apparent owner of the real property commonly known as 3605 Brittany Oak Trace, Snellville, Georgia 30039, through his counsel, Todd Barton, Esq., filed a dispossessory proceeding in the Magistrate Court of Gwinnett County, Georgia, on September 25, 2014, against Defendant for failure to pay rent now in the amount of $2,200 and accruing at $36.66 per day and for remaining on the premises beyond the term for which they were rented or leased. [Doc. 1-1 at 7]. Defendant filed an answer and an Affidavit indicating his intent to buy the house, his payment history, and that the property owner had not applied Defendant's rent/lease payments to the property owner's mortgage debt resulting in the property going into foreclosure status. [Id. at 9-11]. The case was scheduled for a hearing in Gwinnett County Magistrate Court on October 22, 2014. [Id. at 9]. On October 28, 2014, Defendant filed a petition to remove the action to this court with a stay of eviction. [Id. at 1-3].

---

occupant filed the application to proceed *in forma pauperis*, the court's report and recommendation would be the same.

**II.    Discussion**

Twenty-eight U.S.C. § 1441(a) provides that "any action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  See also Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1244 (2006) (all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party").  "[I]n removal cases, the burden is on the party who sought removal to demonstrate that federal jurisdiction exists."  Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001).  "[U]ncertainties are resolved in favor of remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. . . . The rule makes the plaintiff the master of the claim; he or she may

3

avoid federal jurisdiction by exclusive reliance on state law." Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2429 (1987) (citations omitted).  A defendant's potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat. Bank v. Anderson, 123 S. Ct. 2058, 2062 (2003).

In the present case, Plaintiff Kevin Driscoll relied exclusively on state law when he filed a dispossessory proceeding in the Magistrate Court of Gwinnett County. Defendant Elamin alleges that removal is proper on the basis of the court's federal question jurisdiction, and, in his Petition for Removal, Defendant claims that Plaintiff's dispossessory proceeding violates his constitutional rights to due process and a jury trial and that the dispossessory proceeding is in violation of "15 USC 1692[,]" a reference to the Fair Debt Collection Practices Act ("FDCPA").  [Doc. 1-2 at 6].

However, no federal question is presented in a dispossessory proceeding. A dispossessory action is brought pursuant to O.C.G.A. § 44-7-50.  See Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1381 (N.D. Ga. 2010); Ikomoni v. Executive Asset Management, LLC, 309 Ga. App. 81, 84, 709 S.E.2d 282, 286 (March 16, 2011) ("'The *exclusive* method whereby a landlord may evict a tenant is through a properly instituted dispossessory action filed pursuant to OCGA § 44-7-50 *et seq*.'") (citation omitted) (emphasis added).  There is no evidence which would warrant the application

of an exception to the well-pleaded complaint rule, such as the doctrine of complete preemption.  <u>Caterpillar</u>, 107 S. Ct. at 2430.  And there no evidence that Defendant could establish jurisdiction based on diversity pursuant to 28 U.S.C. § 1441(b).[2]  For these reasons, the court finds that federal jurisdiction does not exist and that this action should be remanded pursuant to 28 U.S.C. § 1447(c).

## III.   Conclusion

Accordingly, because Defendant failed to demonstrate any lawful basis for removal of this action to this court, **IT IS RECOMMENDED** that this action be **REMANDED** to the Magistrate Court of Gwinnett County where it was last pending.

---

[2]To establish federal jurisdiction based on diversity, Defendant would have to show that there is complete diversity of citizenship between Defendant and Plaintiff and that the amount in controversy exceeds $75,000.  <u>See</u> 28 U.S.C. § 1332(a)(1).  "[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement."  <u>Federal Home Loan Mortg. Corp. v. Williams</u>, 2008 WL 115096, at *2 (N.D. Ga. January 29, 2008) (citing <u>Novastar Mortg., Inc. v. Bennett</u>, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) (same)).  Nor may a defendant rely on a counterclaim that he has filed to show that the amount in controversy meets the requirement for federal jurisdiction.  <u>See</u> <u>First Guaranty Bank & Trust Co. v. Reeves</u>, 86 F. Supp. 2d 1147, 1150 (M.D. Fla. 2000).  The only amount in controversy would be the rent or other fees due at the time the Plaintiff's action was filed.

The Clerk is **DIRECTED** to terminate the reference of this action to the undersigned.

**SO RECOMMENDED**, this 31st day of October, 2014.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE