IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN DRISCOLL,

                        **Plaintiff,**

       **v.**                                             1:14-cv-3461-WSD

SADIQ ELAMIN and All Others,

                       **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Defendant Sadiq Elamin's ("Defendant") Objections [8] to Magistrate Judge Janet F. King's Final Report and Recommendation ("R&R") [3], which recommends remanding this dispossessory action to the Magistrate Court of Gwinnett County, Georgia. Also before the Court are Plaintiff Kevin Driscoll's ("Plaintiff") Motion to Remand [5] and Motion for Sanctions [7].

## I.    BACKGROUND

On September 25, 2014, Plaintiff filed a dispossessory proceeding (the "Dispossessory Action")[1] against Defendant in the Magistrate Court of Gwinnett

---

[1]     No. 14M32166.

County, Georgia.[2]  Plaintiff's Complaint seeks possession of premises currently occupied by Defendant and past due rent, fees and costs.

On October 14, 2014, Defendant filed an Answer indicating that he "offered and had the money to pay [his] rent on or before the date [he] usually pa[id], but [his] landlord refused to accept it."  (Pet. for Removal at 9).  Defendant also filed an Affidavit asserting that he intended to buy the Property through a lease-to-own agreement, that he had made substantial improvements to the Property[3], and that he helped Plaintiff "stay out of foreclosure by paying 1-3 months of lease payment in advance," but Plaintiff did not apply Defendant's rent payments to Plaintiff's mortgage debt and the Property was now in foreclosure.  (Id. at 10).

On October 28, 2014, Defendant, proceeding *pro se*, removed the Dispossessory Action to this Court by filing his "Petition for Removal" and an application to proceed *in forma pauperis* ("IFP") [1].  Defendant appears to assert that there is federal subject-matter jurisdiction based on the existence of a question of federal law.  He also claims in his Petition for Removal that Plaintiff violated

---

[2]    On September 18, 2014, Plaintiff initially identified the incorrect address of the disputed property on the Complaint.  (Pet. for Removal at 8).  On September 25, 2014, Plaintiff amended the Complaint to identify the correct address of the disputed property: 3605 Brittany Oak Trace, Snellville, Georgia (the "Property").  (Id. at 7).

[3]    Defendant allegedly "replaced the carpet, painted, put in a new stove, and refrigerator on the basis that [he] would own the house."  (Id. at 10).

the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and

Rule 60 of the Federal Rules of Civil Procedure, "having a legal duty to abort

eviction pursuant to O.C.G.A. [§] 51-1-6," and the Due Process Clause of the

Fourteenth Amendment.  (Pet. for Removal at 1-2).  Defendant asserts further that

the Dispossessory Action violates his constitutional right to a jury trial.  (Id.).

On October 31, 2014, Magistrate Judge King granted Defendant's

application to proceed IFP.  The Magistrate Judge also considered *sua sponte* the

question of subject matter jurisdiction and recommends that the Court remand this

case to the Magistrate Court of Gwinnett County.  The Magistrate Judge found that

Plaintiff's underlying pleading shows that this action is a dispossessory action,

which Defendant contends violates federal law.  Noting that a federal law defense

or counterclaim alone is not sufficient to confer federal jurisdiction, the Magistrate

Judge concluded that the Court does not have federal question jurisdiction over this

matter.  The Magistrate Judge also found that Defendant fails to allege any facts to

show that the parties' citizenship is completely diverse, or that the amount in

controversy exceeds $75,000.  The Magistrate Judge concluded that the Court does

not have diversity jurisdiction over this matter and that this case is required to be

remanded to the state court.

On November 5, 2014, Plaintiff filed a Motion to Remand to State Court [5].

3

On November 7, 2014, Plaintiff filed a Motion for Sanctions [7]. Plaintiff asserts that Defendant removed the Dispossessory Action "solely for the purposes of delay" and that the Court should "impose sanctions to prevent this conduct in the future." (Mot. at 5).

On November 12, 2014, Defendant filed his Objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

Defendant does not state any specific objection to the findings in the R&R. Instead, Defendant's "objections" consist of vague, rambling allegations about

4

perceived defects in the dispossessory process and the Georgia court system.[4]

Defendant's objections are largely incomprehensible, frivolous and conclusory.

They do not constitute valid objections and the Court will not consider them.  See

Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing

objections to a magistrate's report and recommendation must specifically identify

those findings objected to.  Frivolous, conclusive, or general objections need not be

considered by the district court."). The Court thus reviews the R&R for plain error.

    B.    Analysis

        Defendant does not object to the R&R's conclusions that Plaintiff's

Complaint does not present a federal question and that the parties are not diverse.

The Court does not find any plain error in these conclusions.  It is well-settled that

federal-question jurisdiction exists only when a federal question is presented on the

face of a plaintiff's well-pleaded complaint and that the assertions of defenses or

counterclaims based on federal law cannot confer federal question jurisdiction over

a cause of action.  See Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003);

---

[4]     To the extent Defendant asserts that "the Magistrate Court of Gwinnett County never had the original jurisdiction," O.C.G.A. § 15-10-2(6) provides that "[e]ach magistrate court and each magistrate thereof shall have jurisdiction and power over . . . [t]he issuance of summons, trial of issues, and issuance of writs and judgments in dispossessory proceedings. . . ."  Defendant's objection on this basis is overruled.

Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002).

The record also does not show that Plaintiff and Defendant are citizens of different states, and, even if they are, there is no evidence to support that the amount in controversy exceeds the statutory threshold of $75,000.  See 28 U.S.C. § 1332(a); Fed. Home Loan Mortg. Corp. v. Williams, Nos. 1:07-cv-2864-RWS, 1:07-cv-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) ("[A] dispossessory proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to property is not at issue and, accordingly, the removing Defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement.").[5]

Because the Court lacks both federal question and diversity jurisdiction, this action is required to be remanded to the state court.  See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").[6]

---

[5]    In his Response to Plaintiff's Motion to Remand, Defendant conclusory asserts that "(1) Plaintiff is a citizen of Minnesota; (2) Defendant is a citizen of Georgia, and (3) the amount in controversy exceeds $75,000.00."  (See Def's Resp. to Pl.'s Mot. to Remand ¶ 21).  Defendant fails to allege any facts to show that the amount in controversy exceeds $75,000.

[6]    In view of Defendant's *pro se* status, the Court declines to award sanctions at this time.  See Kaplan v. DaimlerChrysler, A.G., 331 F.3d 1251, 1255 (11th Cir.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Objections [8] are

**OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge Janet F. King's Final

Report and Recommendation [3] is **ADOPTED**.  This action is **REMANDED** to

the Magistrate Court of Gwinnett County, Georgia.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand to State

Court [5] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions [7] is

**DENIED WITHOUT PREJUDICE.**

**SO ORDERED** this 18th day of April, 2015.

_____

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

2003) (sanctions warranted only where a pleading: (1) has no reasonable factual
basis; (2) is based on a legal theory that has no reasonable chance of success; or
(3) is filed in bad faith for an improper purpose).  Plaintiff's Motion for Sanctions
is denied without prejudice.  Defendant is admonished that future attempts to
remove a dispossessory proceeding to federal court or to needlessly delay this
Dispossessory Action may result in an award of sanctions against him.